UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PHILLIP R. GAMMALO, | ) | CASE NO. 1:05CV0617 |
| | ) | |
| Petitioner, | ) | JUDGE BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE HEMANN |
| | ) | |
| MICHELL EBERLIN, Warden, | ) | REPORT AND RECOMMENDATION |
| | ) | Docket #7 |
| Respondent. | ) | |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is respondent's motion to dismiss petitioner's petition as a successive one. ("Resp. mot."; Docket #7). Respondent's motion is unopposed. For the reasons given below the magistrate judge recommends that the court grant respondent's motion.

On February 22, 2005, petitioner, Phillip R. Gammalo ("Gammalo"), filed this action for habeas corpus under 28 U.S.C. § 2254 ("§ 2254). Gammalo previously filed a petition for a writ of habeas corpus in this court on October 7, 2003. The court dismissed Gammalo's previous petition as without merit and certified an appeal. Gammalo appealed the dismissal to the Sixth Circuit Court of Appeals, where his appeal is currently pending. Respondent argues that because this is the second habeas petition pursuant to §2254 filed by Gammalo, the court must either dismiss the petition or transfer it to the Sixth Circuit in order for the petitioner to seek leave to file it.

A second or successive petition under § 2254 may not be filed without leave from the appropriate court of appeals.  Title 28 U.S.C. § 2244(b) provides in relevant part as follows:

> **(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

On May 11, 2005 the court ordered Gammalo to respond within 30 days to respondent's motion to dismiss this petition as an unauthorized successive petition. Gammalo has not responded to the court's order.

If Gammalo's current petition presents claims previously presented in his prior petition, those claims must be dismissed.  If his current petition presents claims not presented in his prior petition, it must be dismissed unless this successive petition is authorized by the Sixth Circuit.  Gammalo presents no evidence that his current petition has been authorized by the Sixth Circuit.  The magistrate judge recommends, therefore, that the court grant respondent's motion and dismiss Gammalo's petition as a successive petition.

Date: June 15, 2005    /s/Patricia A. Hemann
Patricia A. Hemann
United States Magistrate Judge

**OBJECTIONS**

    Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985) reh'g denied, 474 U.S. 1111 (1986).