UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PHILLIP R. GAMMALO,** | CASE NO. 1:05CV617 |
| Petitioner, | JUDGE CHRISTOPHER A. BOYKO |
| vs, | |
| | **OPINION AND ORDER** |
| **MICHELL EBERLIN, WARDEN** | |
| Respondent | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon Magistrate Judge Patricia A. Hemann's Report and Recommendation (ECF DKT # 9) regarding Petitioner Phillip R. Gammalo's ("Gammalo") Petition for a Writ of Habeas Corpus (ECF DKT # 1) pursuant to 28 U.S.C. § 2254, Petitioner's Motion for Appointment of Counsel (ECF DKT # 4), and Respondent Michell Eberlin's Motion to Dismiss (ECF DKT # 7).  For the reasons that follow, Magistrate Judge Hemann's Report and Recommendation granting Respondent's Motion to Dismiss, is adopted, and Petitioner's Motion for Appointment of Counsel is denied.

**I. FACTUAL BACKGROUND**

On February 22, 2005, pursuant to 28 U.S.C. § 2254, Gammalo filed a Petition for Writ of Habeas Corpus, challenging his Cuyahoga County convictions for aggravated murder and attempted rape.  Gammalo had previously filed a Petition for Writ of Habeas Corpus in this court on October 7, 2003, and the petition was dismissed as being without merit.  Gammalo

subsequently appealed the dismissal to the Sixth Circuit Court of Appeals, where his appeal is currently pending. On February 23, 2005, Gammalo also filed a Motion for Appointment of Counsel. On May 6, 2005, Respondent filed a Motion to Dismiss based upon the successive nature of Petitioner's second habeas action, and on June 21, 2005, Magistrate Judge Hemann filed a Report and Recommendation, recommending this court deny Petitioner's habeas action as successive. Magistrate Judge Hemann did not provide a recommendation regarding Petitioner's Motion for Appointment of Counsel.

## II. LAW AND ANALYSIS

**I. "Successive" habeas petition**

Respondent argues that because this is the second Habeas petition pursuant to 28 U.S.C. § 2254, this court must either dismiss the petition or transfer it to the Sixth Circuit in order for Petitioner to seek the appropriate leave in which to file. A second or successive petition under 28 U.S.C. § 2254 may not be filed without leave from the appropriate court of appeals. Title 28 U.S.C. §2244(b) provides, in part:

> **(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
>
> > **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> **(ii)** the facts underlying the claim, if proven and
> viewed in light of the evidence as a whole, would
> be sufficient to establish by clear and convincing
> evidence that, but for constitutional error, no
> reasonable factfinder would have found the
> applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this
> section is filed in the district court, the applicant shall move in a
> the appropriate court of appeals for an order authorizing the district
> court to consider the application.

On December 23, 2005, the Sixth Circuit denied Gammalo's request for an order authorizing the district court to consider a second or successive habeas corpus petition.

If Gammalo's current petition presents claims previously presented in his prior petition, as a matter of law, those claims must be dismissed. If his current petition presents claims not presented in his prior petition, it must be dismissed unless the successive petition is authorized by the Sixth Circuit. The Sixth Circuit has expressly denied Gammalo's request for an order authorizing the district court to consider a second or successive habeas corpus petition, and the Magistrate Judge has recommended that this court grant Respondent's Motion and dismiss Gammalo's petition as successive. Petitioner's habeas action is dismissed.

## II. Appointment of counsel

It is well established that a habeas corpus proceeding is civil in nature, and the Sixth Amendment right to counsel afforded for criminal proceedings does not apply. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Barker v. Ohio*, 330 F.2d 594 (6th Cir. 1964). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. 18 U.S.C. § 3006A(g); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Appointment of counsel in a habeas proceeding has been found to

be mandatory only if the district court determines that an evidentiary hearing is required. Rule 8(c), Rules Governing § 2254 Cases. Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors. *Hoggard v. Purkett,* 29 F.3d 469 (8th Cir. 1994). This court finds that the interests of justice and due process do not require the appointment of counsel in the instant case. The legal and factual complexities of the case did not prevent Petitioner from adequately arguing his respective position. This court does not find that Petitioner's ability to investigate and present his claims warrants the appointment of counsel. Petitioner's Motion for Appointment of Counsel is denied.

### III. CONCLUSION

Regardless of whether Gammalo's current petition presents claims previously presented in his prior petition or not, as a matter of law, those claims must be dismissed. Furthermore, the appointment of counsel regarding Petitioner's habeas action is discretionary and not provided for by the Sixth Amendment right to counsel. As such, this court finds that the interests of justice and due process do not necessitate the appointment of counsel. Petitioner's Petition for Writ of Habeas Corpus is dismissed, and Petitioner's Motion for Appointment of Counsel is denied.

Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed R. App. P. 22(b).

**IT IS SO ORDERED.**

**DATE:** June 29, 2006

               <u>s/ Christopher A. Boyko</u>
               **CHRISTOPHER A. BOYKO**
               **United States District Judge**